IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,
:
v.
: CRIMINAL ACTION NO.
: 1:04-CR-0555-RWS
MALIK KARIMI, et al.,
:
Defendants.

### ORDER

On Tuesday, March 13, 2007, the Court held a pretrial conference. During that conference, the Court verbally informed the parties of its decision with respect to certain motions currently pending in this case. Consistent with that verbal Order, the Court rules as follows:

1. Defendants' Motion for Use of Jury Questionnaires [667] is **GRANTED**. The parties should submit proposed jury questions not later than Monday, March 26, 2007. Parties may file any objections to proposed questions not later than Monday, April 2, 2007.

2. Defendants Ahsan and J.F.R. LLC's Motion to Sever [677] is **DENIED**.  The Court, however, is aware that certain Defendants have engaged in plea negotiations with the Government, and that in light of those negotiations, there is a possibility that the Defendants and issues remaining in this case at the time of trial may differ significantly from those which are presently in the case.  Accordingly, the Court would consider, at the time of trial, a renewed motion to sever in the event that circumstances warranted such a filing.

3. Defendants' Motion in Limine [688] is **DENIED**.  Insofar as Defendants request that the Court preclude the Government from arguing that mere employment of alleged illegal aliens is sufficient to violate 8 U.S.C. § 1324(a)(1)(A)(iv), that motion is denied because that issue is more properly the subject of a motion under Rule 29.  With respect to Defendants' request that they be allowed to present evidence tending to prove the Government's acquiescence or complicity in programs that encourage or induce aliens to remain in the United States illegally, that motion is

similarly denied at this time. Although the Court has serious reservations regarding the relevance of this evidence, the Court will consider its relevancy at trial and based on the evidence in the record at the time its introduction is sought. That said, in the event that Defendants plan to present such evidence, they should notify the Court outside the presence of the jury, so that the Court may rule in advance on its admissibility.

4. On October 19, 2006, Defendants filed a Motion to Inspect and Test Recording Equipment and for Discovery of Information Relating to the Recordings [630], the issues of which were renewed by Defendants' Motion in Limine to Exclude Certain Audio/Video Evidence [681]. The Government filed a Response to Defendants' motions [696], and Defendants have requested an opportunity to file a Reply. The Court **RESERVES RULING** on the motions [630 & 681] pending review of Defendants' reply.

5. Defendants Lony Ahsan, JFR, LLC, and Nazmul Ahsan filed a Motion for Return of Property [678] seeking the return of property seized during a search at 1335 Lincoln Court Avenue, Atlanta,

3

Georgia. In an Order [661] entered February 12, 2007, the Court adopted the Report and Recommendation [475] finding that the search was illegal and granting Defendant Nazmul Ahsan's Motion to Suppress [272]. The Court was advised at the hearing that the Government is returning, or has returned, all seized property except the $125,865.00 in cash. The Court **RESERVES RULING** on the return of the cash.

6. Defendants Malik Karimi, Mansoor Karimi, Sugar Bear, Inc., Henrico MK, LLC, Century MK, LLC, Synergy Petroleum, LLC, and Boulevard C-Store, Inc. filed a Particularized Motion for Disclosure of Exculpatory and Impeaching Information [693], which has been joined by a number of other Defendants [695, 698, & 699]. The Government is presently reviewing files and announced that Brady material will be provided to counsel for Defendants. The motion is **GRANTED** such that the Government is required to comply with its obligations under Brady. If there is a further issue regarding the timing of production, this issue should be raised at the final pretrial conference.

7. Defendants Malik Karimi, Mansoor Karimi, Sugar Bear, Inc., Henrico MK, LLC, Century MK, LLC, Synergy Petroleum, LLC, and Boulevard C-Store, Inc. filed a Motion to Suppress Evidence [360] and Defendants Lony Ahsan, JFR, LLC, and Nazmul Ahsan filed a Motion to Suppress Tainted Evidence [684], both of which will require a hearing.  The Court **RESERVES RULING** on these motions pending a hearing.

8. There are two motions to suppress statements [271 & 275] currently pending which will require hearings pursuant to Jackson v. Denno, 378 U.S. 368, 84 S. Ct. 1774, 12 L. Ed. 2d 908 (1964). As the Court advised the parties during the pretrial conference, it will conduct those hearings in conjunction with the final pretrial conference in this case.

Pursuant to the Court's March 7, 2007 Order [682], counsel submitted to the Court lists of all outstanding motions in this case.  Consistent with the March 7 Order, any motion not previously ruled upon by the Court is hereby **DENIED**.  The Clerk is **DIRECTED** to clear all submissions from the docket

5

AO 72A
(Rev.8/82)

except those motions that remain under consideration by the Court [271, 275, 360, 630, 678, 681(adopted by other Defendants at 689 & 692), & 684].

In order to avoid delay in the April 10, 2007 start date for this trial, the parties are directed to timely apprise the Court of any plea agreements reached in this case and to alert the Court to any outstanding discovery issues in sufficient time that they may be resolved prior to the start of trial.

**SO ORDERED** this   14th   day of March, 2007.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE